03415-P0600
TMP/ej

E-FILED
Thursday, 31 August, 2006  03:49:42 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FLOYD K. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-CV-1062 |
| | ) | |
| DONALD N. SNYDER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, WILLIAM M. HAMBY, M.D., by his attorneys, HEYL,

ROYSTER, VOELKER & ALLEN, and for his Motion for Summary Judgment, states:

## I.  INTRODUCTION

The Plaintiff claims that Defendant William Hamby, M.D. was deliberately indifferent to his

serious medical needs.  The Plaintiff asserts in his Complaint that Dr. Hamby was deliberately

indifferent to Plaintiff's testicular pain and failed to provide sufficient pain medication for that

condition while the patient was incarcerated at the Hill Correctional Center from October of 2001

through August of 2002.  (See Plaintiff's Answers to Interrogatories, Interrogatory 2 and the

responses that follow, attached hereto as Exhibit 1; see also Plaintiff's deposition, p. 19, attached

hereto as Exhibit 6.)  Plaintiff also believes that he had some sort of condition relating to his arm for

which he believes additional treatment was required, but was not received.  Defendant Hamby saw

the patient on only two (2) occasions in October of 2001.  At no time did Dr. Hamby find the patient

to have any serious medical needs at the time.  With respect to those needs presented, care and

treatment was provided as indicated.  There is no question of fact with respect to the allegations

against Dr. Hamby as there is no evidence to support such claims, either by the medical records or

any testimony.

Dr. Hamby denies that Plaintiff was treated inappropriately at any time and further denies that

he was deliberately indifferent.  As there are no genuine issues of material fact in this case with

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P0600
TMP/ej

respect to the care and treatment provided to the Plaintiff by Defendant Hamby, Defendant is entitled

to summary judgment.

## II.  MATERIAL FACTS CLAIMED TO BE UNDISPUTED

1.      Dr. Hamby was the Medical Director in 2001 through October 1, 2002.  (See Dr.

Hamby's Deposition, attached hereto as Exhibit 2, p. 10.)

2.      During the time that Dr. Hamby was the Medical Director, he personally saw the

Plaintiff, Floyd Hayes, on two (2) occasions: October 4, 2001 and October 15, 2001.  (Exhibit 2, pp.

116-117; see also p. 62 of Exhibit U to Dr. Hamby's deposition, which is attached hereto as Group

Exhibit 3; Exhibit 6, pp. 15-16.)

3.      Group Exhibit 3 constitutes those pages of Plaintiff's medical records kept in the

ordinary course of business which document notations made by Dr. Hamby in Floyd Hayes' medical

records.  These records are a subset of the medical records referenced as Exhibit U to Dr. Hamby's

deposition.  (Exhibit 3.)

4.      On October 4, 2001, the patient reported to Dr. Hamby that he had frequency and

urgency with respect to urination.  He also indicated that his epididymis at that time was okay.

(Exhibit 3, p 62; Exhibit 2, p. 116.)

5.      Dr. Hamby performed an evaluation and assessment and found suprapubic tenderness

without rebound or rigidity.  His assessment at that time was hyperlipidemia (high cholesterol).

(Exhibit 2, pp. 116-117; Exhibit 3, p. 62.)

6.      Dr. Hamby also noted that the patient had possible urinary tract infection or gastritis.

Based upon that diagnosis, the patient was prescribed Keflex and Tylenol.  (Exhibit 2, p. 117; Exhibit

3, p. 62.)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P0600
TMP/ej

7.    The patient was advised to see Dr. Hamby in ten (10) days to review his lipid panel and was given Tagamet for the gastritis.  (Exhibit 2, p. 117; Exhibit 3, p. 62.)

8.    The patient was seen as suggested on October 15, 2001.  At that time, the patient reported that he still had discomfort in his left testicle.  (Exhibit 2, pp. 117-118; Exhibit 3, p. 62.)

9.    The patient was examined by Dr. Hamby on October 15, 2001.  (Exhibit 2, p. 118; Exhibit 3, p. 62.)

10.    Dr. Hamby noted the patient was tender but identified no abnormality.  (Exhibit 2, p. 118; Exhibit 3, p. 62.)

11.    Dr. Hamby further assessed the patient as having resolving epididymis, which was going away at the time.  (Exhibit 2, p. 118.; Exhibit 3, p. 62.)

12.    The plan at that time was to provide the patient with an athletic supporter and the patient was advised to return in a couple of weeks to be seen by someone in the healthcare unit. (Exhibit 2, p. 118; Exhibit 3.)

13.    The patient was never seen again by Dr. Hamby after October 15, 2001.  (Exhibit 2, p. 199; Exhibit 3.)

14.    Dr. Hamby's name does appear on other dates in the patient's records to co-sign nursing notes.  (Exhibit 2, p. 119.)

15.    Other physicians continued to treat Mr. Hayes for any medical complaints he made to them.  (Exhibit 3.)

16.    At no time did Dr. Hamby interfere with care and treatment provided by other physicians.  (Exhibit 2, p. 122.)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-P0600
TMP/ej

17.    With respect to the care and treatment provided by other physicians concerning the patient's complaints regarding a bone lesion, Dr. Hamby did note that the diagnostic tests showed that the patient's condition was a benign bone lesion.  (Exhibit 2, p. 122; Exhibit 3, p. 68.)

18.    "Benign" means of no clinical significance.  (Exhibit 2, p. 122.)

19.    Mr. Hayes made no complaints to Dr. Hamby regarding his arm.  (Exhibit 3.)

20.    At no time did Dr. Hamby document any significant complaints of pain from Mr. Hayes regarding his testicles, but only noted a complaint of discomfort.  (Exhibit 3, p. 62.)

21.    The last notation made by Dr. Hamby in the patient's medical records was on July 30, 2002 wherein Dr. Hamby noted the patient refused to be seen with respect to follow-up of his hyperlipidemia.  (Exhibit 2, p. 124; Exhibit 3, p. 76.)

22.    Prior to that time, Dr. Hamby had also made notes on July 15, 2002 regarding the hyperlipidemia lab results.  (Exhibit 2, p. 123; Exhibit 3, p. 75.)

23.    Mr. Hayes was released from the Hill Correctional Center in August of 2002.

24.    On August 22, 2003, the Plaintiff was a patient at the Danville VA Hospital.  (See Deposition of Narayan R. Amin, M.D., attached hereto as Exhibit 4, p. 5.)

25.    Dr. Amin's records as dictated by him regarding his evaluations are reports Bates stamped numbers 1970 and 1971, as well as numbers 1950 and 1951, as attached to his deposition. These reports were made in the ordinary course of business and are attached hereto as Group Exhibit 5.  (Exhibit 4, p. 9; Group Exhibit 5.)

26.    On August 22, 2002, Dr. Amin examined Floyd Hayes at the Danville VA Hospital. (Exhibit 4, p. 9.)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-P0600
TMP/ej

27.    At that time, Mr. Hayes reported to Dr. Amin that he had severe pain, particularly on the left side.  (Exhibit 4, p. 9; Group Exhibit 5.)

28.    Mr. Hayes advised Dr. Amin that he had no trouble with urination and history of previous problems.  (Exhibit 4, p. 9; Group Exhibit 5.)

29.    Dr. Amin performed an examination on August 22, 2002.  (Exhibit 4, p. 9.)

30.    Based upon the examination performed by Dr. Amin, he found Mr. Hayes to be healthy and not in pain.  (Exhibit 4, p. 10; Group Exhibit 5.)

31.    Also on that occasion, Dr. Amin's examination reflected that the patient had an unremarkable penis.  (Exhibit 4, p. 11.)

32.    Dr. Amin did note an abnormal finding of the epididymis in that there was some sort of mass or swelling in the area.  (Exhibit 4, p. 12; Group Exhibit 5.)

33.    Dr. Amin did not see any cystic swelling or hydrocele on the left.  (Exhibit 4, p. 13; Group Exhibit 5.)

34.    These are all good things.  (Exhibit 4, p. 13; Group Exhibit 5.)

35.    Dr. Amin's diagnosis of the patient on August 22, 2002 was that the patient had a small spermatocele on the left side.  (Exhibit 4, p. 13; Group Exhibit 5.)

36.    At that time, no treatment was recommended.  (Exhibit 4, p. 13; Group Exhibit 5.)

37.    Dr. Amin noted that no treatment was needed for the small spermatocele if it did not cause any discomfort and it did not cause any large mass hanging out on the scrotum.  (Exhibit 4, pp. 13-14; Group Exhibit 5.)

38.    Dr. Amin advised the patient that if the swelling got bigger, he would advise that the area be removed.  (Exhibit 4, p. 14; Group Exhibit 5.)

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P0600
TMP/ej

39.    No surgical treatment was recommended in August of 2002. (Exhibit 4, p. 14; Group Exhibit 5.)

40.    No pain medication was recommended at that time by Dr. Amin.  (Exhibit 4, p. 14; Group Exhibit 5.)

41.    Dr. Amin did not recommend any follow-up care regarding the patient's urological issues.  (Exhibit 4, p. 14; Group Exhibit 5.)

42.    Based upon Dr. Amin's objective assessment, he did not find any reproducible evidence of pain.  (Exhibit 4, p. 14; Group Exhibit 5.)

43.    There was no objective evidence to indicate that the patient was having severe pain or any type of pain.  (Exhibit 4, p. 15; Group Exhibit 5.)

44.    There was nothing medically found by Dr. Amin in August of 2002 that was causing the patient any pain.  (Exhibit 4, p. 15; Group Exhibit 5.)

45.    Dr. Amin found no infection on August 22, 2002.  (Exhibit 4, p. 15; Group Exhibit 5.)

46.    In fact, Dr. Amin thought the patient might be seeking pain medication.  (Exhibit 4, p. 15; Group Exhibit 5.)

47.    Dr. Amin found no clinical evidence of any medical problems with respect to the Plaintiff's presentation. (Exhibit 4, pp. 18-19; Group Exhibit 5.)

48.    After Floyd Hayes was released from the Department of Corrections, Dr. Hamby was not consulted regarding the appropriate course of care for Mr. Hayes' complaints.

### III.  APPLICABLE LAW

**A.**    **Summary Judgment Standard.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P0600
TMP/ej

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a Motion for Summary Judgment, the court must look beyond the pleadings and assess the proof to determine whether or not there is a genuine need for a trial. If defendants meet their burden in showing there is an absence of evidence to support plaintiff's claim, plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. Celotex Corp. v Catrett, 477 U.S. 317, 324-25, 91 L.Ed.2d 265, 106 S.Ct. 254 (1986). In determining and evaluating a Motion for Summary Judgment, the court used the evidence in the light most favorable to the opposing party and draws all justifiable inferences in his favor. A mere scintilla of evidence in support of plaintiff's position is not sufficient to create a genuine issue of material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

**B.      Plaintiff's Allegations Are Insufficient to Support a Claim of Deliberate Indifference Against Defendant Dr. Hamby.**

Plaintiff has no medical support or any other evidence to bolster a claim of deliberate indifference against Defendant Dr. Hamby.

There is no genuine issue of material fact in this case regarding the care and treatment provided to the Plaintiff. According to all of the evidence in this case, Dr. Hamby saw Mr. Hayes on only two (2) occasions in October of 2001. On neither of those occasions did the Plaintiff make any significant complaints of pain, nor did the examination, in conjunction with the complaints he did make, indicate a significant problem regarding pain or any other medical condition which required further care.

**HEYL ROYSTER
VOELKER
& ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

7

05415-P0600
TMP/ej

In this case, Dr. Hamby evaluated the patient and treated him for the symptoms he had at the time of his presentation. Dr. Hamby's care and treatment was appropriate and reasonable. It did not constitute deliberate indifference. As further support for Dr. Hamby, this patient was seen within days after being released from the Hill Correctional Center in August of 2002. At that time, the patient was evaluated by a urologist, Dr. Amin, who had findings similar to those of Dr. Hamby with respect to the patient's complaints. While Dr. Hamby would concede that Dr. Amin was evaluating the patient on a different occasion, the care and treatment provided by Dr. Amin was consistent with that provided by Dr. Hamby. Even in the face of complaints of severe pain, Dr. Amin did not provide medication to Mr. Hayes based upon his objective complaints when no objective medical condition was found to so require such prescription or further referral for additional work-up for the patient. Accordingly, such is evidence that Dr. Hamby's care and treatment was consistent with other physicians' care and treatment and assessments and therefore was not deliberate indifference.

As the Plaintiff is required to show a subjective element that the Defendant was aware that the Plaintiff suffered from a serious medical need which required treatment, as well as an objective element that the patient suffered from a serious medical need, Plaintiff's claim must fail and summary judgment is appropriate as to this Defendant.

In order to prove his cause of action, the Plaintiff must prove deliberate indifference to his serious medical needs. At a minimum, this requires actual knowledge of impending harm, which is easily preventable, so that a conscious, capable refusal to prevent harm can be inferred from the defendant's failure to prevent it. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997); Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985). Deliberate indifference is more than mere negligence and approaches intentional wrongdoing. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To establish

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

8

05415-P0600
TMP/ej

deliberate indifference, Plaintiff must show the Defendant ignored a known risk. <u>Collignon v. Milwaukee County</u>, 163 F.3d 982, 988 (7th Cir. 1988).

Additionally, in order to establish deliberate indifference, Plaintiff must show that the physician or other defendant must both have been aware of the fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must actually draw the inference. <u>Higgins v. Correctional Medical Services</u>, 178 F.3d 508, 511 (7th Cir. 1999); <u>Sanderfer v. Nichols</u>, 62 F.3d 151, 154 (6th Cir. 1995). The exercise by a physician of his professional judgment does not constitute deliberate indifference. <u>Youngber v. Romeo</u>, 457 U.S. 307, 322-323 (1982).

Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. Additionally, the Eighth Amendment is not a vehicle for bringing claims of medical malpractice. <u>Snipes v. DeTella</u>, 95 F.3d 586, 590 (7th Cir. 1996). It should also be kept in mind that inappropriate medical treatment based on pure negligence, or even a series of purely negligent acts is not the same as indifference to a serious medical need. <u>Sellers v. Hennan</u>, 41 F.3d 1100, 1102-03 (7th Cir. 1994). While a prisoner has the right to medical care, he does not have the right to determine the type and scope of the medical care he personally desires. A difference of opinion between a physician and the patient does not give rise to a constitutional right, nor does it state a cause of action under § 1983. <u>Coppinger v. Townsend</u>, 398 F.2d 392, 394 (10th Cir. Col. 1968). <u>See also</u>, <u>Johnson v. Doughty</u>, 433 F.3d 1001 (7th Cir. 2006).

Inattention to a medical condition amounts to a constitutional violation only where the medical condition is serious. <u>Brownell v. Figel</u>, 950 F.2d 1285, 1289 (7th Cir. 1991).

As previously indicated, deliberate indifference may only be found when an official knows of and disregards an excessive risk to inmate health or safety. <u>See Duane v. Lane</u>, 959 F.2d 673, 676

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

9

05415-P0600
TMP/ej

(7th Cir. 1992). Deliberate indifference also requires that Defendant either intended to harm Plaintiff or knew of a risk of harm so significant that an intent to harm could be inferred from a refusal to provide medical care. See Smith-Bey v. Hospital Administrator, 841 F.2d 751, 759 (7th Cir. 1988).

It appears that the Plaintiff in this case is merely dissatisfied or disagrees with Dr. Hamby's course of treatment. This is insufficient to support a cause of action for deliberate indifference. See, Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). It also appears that Plaintiff is also suggesting Dr. Hamby should have known that surgery was necessary rather than the treatment provided.

> It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent. VanDyke Johnson v. Doughty, et al., 433 F.3d 1001 (7th Cir. 2006), citing Higgins v. Correctional Medical Serv. of Illinois, Inc., 178 F.3d 508 at 511 (7th Cir. 1999).

It should also be noted that Plaintiff's claim is one in which he is asserting that the Eighth Amendment has been violated. The Eighth Amendment does not require that prisoners receive "unqualified access to healthcare." Hudson v. McMillan, 503 U.S. 1, 9 (1992); see also, Hernandez v. Keane, 341 F.3d 137 (2d Cir. 2003). Rather, inmates are entitled only to "adequate medical care." Boyce v. Moore, 314 F.3d 884, 888-89 (7th Cir. 2002). Specifically, the Eighth Amendment does not entitle an inmate to demand specific care.

Accordingly, as the record reflects that the Plaintiff was provided with appropriate medical care with respect to each and every one of his complaints when the complaints were made known to Defendant Dr. Hamby, or referred to the appropriate medical provider, Defendant Dr. Hamby is entitled to summary judgment on this issue.

**C.    Dr. Hamby is Entitled to Qualified Immunity**

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

10

05415-P0600
TMP/ej

The Plaintiff in this case is claiming that Dr. Hamby should have provided him with additional pain medication and other specific medical care. The Plaintiff has no evidence to indicate that Dr. Hamby's care and treatment with respect to the conditions presented to him constitute deliberate indifference. Dr. Hamby's actions were those of a reasonably qualified physician. There is no case law or evidence otherwise to indicate that evaluation of a patient's condition and reliance upon medical judgment constitutes a violation of an individual's constitutional rights. Accordingly, Defendant is entitled to qualified immunity.

Qualified immunity protects such officials performing discretionary functions who are sued in their individual capacities against liability for monetary damages so long as their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Behrens v. Pelletier, 516 U.S. 299, 305, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1992). It is the Plaintiff's burden to show that the record supports a finding of an unconstitutional act and that the applicable constitutional standards were clearly established at the time in question once the Defendant raises qualified immunity as a defense. See, Scarver v. Litscher, 371 F. Supp. 2d 986, 1004-1005, citing Tun v. Whitticker, 398 F.3d 899, 901-02 (7th Cir. 2005); Newsome v. McCabe, 319 F.3d 301, 303 (7th Cir. 2003); Magdziak v. Byrd, 96 F.3d 1045, 1047 (7th Cir. 1996).

First, the Plaintiff has no evidence to indicate that Dr. Hamby violated a constitutional right of the Plaintiff. Secondly, even assuming that any act or omission on the part of Dr. Hamby constituted a violation of the Plaintiff's constitutional rights, it was not clearly established before this case that reliance upon a vascular surgeon, or any expert physician for that matter, was clearly evidenced and that Dr. Hamby's reliance upon those recommendations constituted unlawful conduct

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

11

05415-P0600
TMP/ej

in the situation as confronted.  See, Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d

272 (2004).  In this case, the facts are clear that Dr. Hamby is entitled to summary judgment on the

merits.  However, to the extent this Court may find that the Plaintiff's constitutional rights have been

violated, Dr. Hamby is entitled to qualified immunity as there is no evidence to support the contention

that he should have known that his actions in the care and treatment of Mr. Hayes constituted

unlawful conduct which violated a clearly established constitutional right of the Plaintiff.

## IV.  CONCLUSION

As there are no genuine issues of material fact regarding the care and treatment provided to

the Plaintiff with respect to his complaints and the specific involvement by the undersigned Defendant,

Dr. Hamby is entitled to summary judgment.  Plaintiff's complaints concerning his medical conditions

were addressed appropriately by Dr. Hamby as detailed in this Motion and the attached medical

records, as well as the depositions of Dr. Hamby and Dr. Amin.  Plaintiff has no evidence to support

his claim that Defendant Dr. Hamby acted with deliberate indifference with respect to any complaints

presented to Dr. Hamby.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-P0600
TMP/ej

WHEREFORE, Defendant, WILLIAM M. HAMBY, M.D., prays that this Court will grant

summary judgment in his favor and against the Plaintiff.

Respectfully submitted,

WILLIAM M. HAMBY, M.D., Defendant,

HEYL, ROYSTER, VOELKER & ALLEN,
Attorneys for Defendant,

BY:    /s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

13

05415-P0600
TMP/ej

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed **Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Kelly R. Choate
kchoate@atg.state.il.us

Jonathan A. Backman
jbackman@backlawoffice.com

Respectfully submitted,
s/Theresa M. Powell
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P.O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:     (217) 523-3902
E-mail:tpowell@hrva.com

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822