UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION
Case No. 04-CV-1062

FLOYD K. HAYES,

           Plaintiff,

vs.

DONALD N. SNYDER, JESSE MONTGOMERY,
MARK A. PIERSON, WANDA L. BASS,
WILLIAM M. HAMBY, M.D., PhD., each
in their individual capacities only,

           Defendants,



A P P E A R A N C E S

    Hon. Jonathan A. Backman
    Attorney at Law
    117 North Center Street
    Bloomington, Illinois 61701

    Hon. Kelly Choate (by speakerphone)
    Attorney General's Office
    500 S. Second St.
    Springfield, Illinois 62706

    Hon. Matthew R. Booker
    Heyl, Royster, Voelker & Allen
    Attorneys at Law
    1 North Old State Capitol Plaza, Suite 575
    Springfield, Illinois 62705
    Jackie Gordon, Paralegal for V.A.



(800) 830.8885
www.depobook.com
Professional Reporting Services Nationwide!

```
 1              UNITED STATES DISTRICT COURT
 2                       for the
 3              CENTRAL DISTRICT OF ILLINOIS
 4                    PEORIA DIVISION
 5                 Case No. 04-CV-1062
 6
 7
 8   FLOYD K. HAYES,
 9
10                                    Plaintiff,
11
12   vs.
13
14
15
16   DONALD N. SNYDER, JESSE MONTGOMERY,
17   MARK A. PIERSON, WANDA L. BASS,
18   WILLIAM M. HAMBY, M.D., PhD., each
19   in their individual capacities only,
20
21                                    Defendants,
22
23
24
25
```

2

```
 1                    Pursuant to notice duly given, the deposition of
 2      Dr. Alacia Bigham was taken on October 7, 2005, at 2:00 P.M.
 3      at the offices of the Lexington Veterans Hospital, 1100
 4
 5      Veterans Avenue, Lexington, Kentucky, Room D-206, Cooper
 6
 7      Drive Division.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1          100 tablets a month for a short acting pain
 2          medicine and I'm going to have to put you on
 3          something chronically, then I will institute it,
 4          which was the case here.
 5    Q     And, you may have explained this before and if
 6          you did, I apologize, I just want to make sure
 7          I'm clear.  One of the reasons why you have
 8          patients sign these narcotic contracts are
 9          because there's real dangers with long term
10          narcotic use.
11    A     Absolutely.  We don't like to use them, if we can
12          help it.
13    Q     All right.  And, one of those things is the risk
14          of dependency--
15    A     Yes, sir.
16    Q     --or abuse of the narcotics, is that right?
17    A     Yes, sir.
18                MR. BOOKER:  Doctor, I thank you very
19                much for your time.  That's all the
20                questions I have right now.
21                MR. BACKMAN:  Kelly?
22
23                      CROSS EXAMINATION
24    BY MS. CHOATE:
25    Q     Yes.  Hi, Doctor.  I'm Kelly Choate and I
```

116

```
 1            represent the administrators from the Illinois
 2            Department of Corrections.  I will get you out of
 3            here really quick, I just have a couple of
 4            questions for you.
 5      A     Uh-huh.  (Yes)
 6      Q     Would you agree with me that there are some
 7            medical problems that even a lay person could
 8            determine needs a certain type of medical care?
 9      A     Yes, sir (sic)--ma'am.
10      Q     For example, like a fracture where the bone is
11            sticking out of the leg, would that be something
12            that you think a lay person could look at and say
13            gees, this person needs to go to the hospital?
14      A     Yes.
15      Q     Now, regards the type of problems that Mr. Hayes
16            presented with, would those be the types of
17            medical problems that a lay person would be able
18            to diagnose?
19      A     No, ma'am.
20      Q     Would those be the types of medical problems that
21            a lay person would be able to determine what sort
22            of treatment was appropriate?
23      A     No, ma'am.
24      Q     In your--and I realize you testified earlier that
25            you had not seen any of the documentation from
```

117

1      the Illinois Department of Corrections, is that
2      correct--
3   A  Yes.
4   Q  --at the time you saw Mr. Hayes?
5   A  Yes, that's correct.
6   Q  So, you never saw any documentation where the
7      administrators of the Department of Corrections
8      were told that the treatment Mr. Hayes was
9      receiving was inappropriate, is that correct?
10  A  No, ma'am.  I don't believe I did.
11          MS. CHOATE:  I have nothing further.
12          MR. BACKMAN:  I have a few follow-up.
13
14              REDIRECT EXAMINATION
15  BY MR. BACKMAN:
16  Q  Matt made the point that pain, and you agree,
17     that pain is subjective as opposed to medical
18     findings that are objective, can be objective,
19     correct?
20  A  Yes.
21  Q  Now, when you say that pain is subjective, is it
22     fair to say, nonetheless, that there are certain
23     medical conditions that you know to a high degree
24     of medical certainty are going to cause pain.
25  A  Yes, sir.

118

STATE OF KENTUCKY )
                  )
COUNTY OF FRANKLIN)

    I, Melody Curtis, a Notary Public in and for the state and county aforesaid, do hereby certify that the foregoing testimony was taken by me at the time and place and for the purpose stated in the caption; that the witness was duly sworn by me before giving her testimony; that said testimony was taken down in shorthand writing by me and later reduced to typewriting under my direction; and the foregoing is a true record of the testimony given by said witness.

    I further certify that no written request has been made before the officer by any party to the action requesting that the foregoing transcript of testimony be submitted to the witness and, therefore, such proceeding is not signed by the witness.

    Witness my hand and notarial seal this 14th day of October, 2005.

                          *Melody Curtis*
                          Notary Public
                          State of Kentucky at Large

My commission expires: 6/13/2008