E-FILED
Friday, 15 September, 2006 02:55:42 PM
Clerk, U.S. District Court, ILCD



Illinois Department of Corrections

George H. Ryan
Governor

Donald N. Snyder Jr.
Director

Hill Correctional Center / 600 Linwood Road / P.O. Box 1327 / Galesburg, IL 61401 / Telephone: (309) 343-4212 / TDD: (800) 526-0844

**MEMORANDUM**

DATE: July 1, 2002

TO: Inmate Floyd Hayes, K03902
R1-D-76

FROM: Mark A. Pierson, Warden
Hill Correctional Center

SUBJECT: Medical Concerns

---

I have reviewed your concerns regarding medical treatment and previous correspondence submitted to A/W Bass. It appears that your concerns were addressed appropriately by the Assistant Warden and Health Care staff. I am in receipt of copies of responses to you dated May 24 and June 17, 2002 from A/W Bass' office.

Mark A. Pierson, Warden
Hill Correctional Center

MAP:cl

C: Master File
A/W Bass
Lois Mathes, HCUA
File








R.O.




George H. Ryan
Governor

Donald N. Snyder Jr.
Director

Hill Correctional Center / 600 Linwood Road / P.O. Box 1327 / Galesburg, IL 61401 / Telephone: (309) 343-4212 / TDD: (800) 526-0844

# MEMORANDUM

DATE: June 17, 2002

TO: Inmate Floyd Hayes, K03902
R1 D76

FROM: Wanda L. Bass *Wanda L Bass*
Asst. Warden Of Programs

SUBJECT: CORRESPONDENCE - MEDICAL CONCERNS

---

As indicated in my response to you dated 05/24/02, your medical concerns have been reviewed by appropriate medical staff. However, upon receipt of your most recent correspondence, I had a discussion with the Health Care Unit Administrator. Your medical chart has again been reviewed.

According to your medical records, you have a history of scrotal cysts which occasionally swell and cause you pain. These cysts do respond to ice packs and Ibuprofen. The Urologist you saw on December 16, 2000 and the current Medical Director indicate that you do not require further intervention. However, if you feel you need further education regarding cysts, please sign up for nurse sick call.

WLB:dc

Cc: Master Record File
Health Care Unit Administrator
File








Floyd K. Hayes I. D. # K03902
Hill Correctional Center
P. O. Box 1700
Galesburg, Illinois 61402

April 16, 2002

Mr. Jesse Montgomery
Assistant Deputy Director District 2
100 Hillcrest Road
East Moline, Illinois 61244



Dear Mr. Montgomery:



Recently, I received a new calculation sheet which reflected that I have been awarded 90 days meritorious good time. Although I am ' thrilled ' with this development, I must admit that it comes with much surprise. Upon receiving your last correspondence, it was my belief that I was not eligible to receive any meritorious good time at all. I do not really know who exactly is responsible for my recent good favor but I want to " Thank You " for any assistance that you may have provided. I also want to take this opportunity to once again ask for your compassion and consideration in awarding me an additional 90 days on the basis of my deteriorating health and the lack of medical treatment that I have received through Wexford Health Sources.

In your letter dated 12-17-01, you made a statement that really stands out. You stated that " my medical condition was being monitored ". With all due respect to the medical staff, this is exactly the problem. Everyone is simply watching, as my condition continues to get worst. I am seeking some form of medical treatment to cure whatever is causing the problems. Since my last letter to you, I have endured my ' third ' major infection in my testicles and scrotum. I was given 800mg Ibuprofen and 500mg Cephalexin for the pain and swelling. I was also given a 7 day medical in and instructed by the physician to keep a bag of ice on my scrotum daily for the 7 days. This is the medical treatment that I have received from the doctors of Wexford Health Sources. I still do not know ' what ' the growths are, what is causing them, and more importantly whether the growths are cancerous? I would like to bring to your attention that Dr. William M. Hamby license # 36037075 and Dr. Richard H. Shute, license # 36095505 specialty and training is found in ' Internal Medicine '. They are not specialist in the field of medicine that I urgently need to determine what these growths are.

In my earlier correspondence addressed to Director Synder that was reffered to you for review, I spoke briefly about the growth of " two cysts " on my testicles and the pain that this has caused. If you will excuse my graphic details, I will attempt



to describe my condition for you. My testicles swell abnormally. My left testicle draws upward like a leg cramp which causes my penis to bend upward into a fishhook position. In order to urinate, I must reach down and under to pull my testicles down to unbend my penis. As you can imagine, this is an extremely painful thing that I must do each time that I go to the bathroom.

In addition to this ongoing undiagnosed condition, shortly after the New Year, I began to experience some numbness in my right palm and fingers and a dull ache in my upper arm. On January 25th, 2002 , I was diagnosed with a bone tumor in my right fore-arm. An X-Ray was done which confirmed the tumor. There were also further requests made by the examining physician that I should be seen by an Urologist, and that a new ' Diagnostic Radiology Consultation ' should be obtained. Not surprisingly, for reasons still unknown, the ' requests ' were denied. In the meantime, I remain in constant pain with new growths being discovered weekly.

As found in my earlier correspondence, I would like to emphasize that I am a disabled Vietnam Veteran and that my VA Medical Bene-fits can be used. In addition, there are " secure " medical wings in the VA hospitals. It will require very little effort between Illinois Department Of Corrections and Veterans Administration to arrange for me to attain the much needed medical treatment that I am entitled too.

Finally, considering Governor Ryan's most recent proposal to release up to 4500 inmates, and the possible closing of more prisons, I ask that you review my overall Institutional Record and my petition to Director Synder dated December 3, 2001. I have been a " role model inmate ". I have had no disciplinary problems with either the Administrators or other inmates. In addition, my parole plans have already been submitted for approval. My serving 90 additional days would not accomplish anything other than allowing me to remain untreated and in constant pain and discom-fort for a longer period of time.

For this reason, I ask that you consider my request for 90 days additional good time so that I may seek ' medical treatment ' before my condition(s) worsen to the point of being untreatable. Please keep in mind that we really do not know what is truly growing in my scrotum. Do we ?

Thank you for your time and consideration.

Sincerely,

Floyd K. Hayes

cc: Warden Mark Pierson, Hill C.C.
Department Of Veterans Affairs, Chicago Regional Office
State Of Ill. Dept. Of Veteran Affairs, Woodstock Ill.
Leahy Law Offices, Springfield Illinois

**LINDLEY, MARY**

**From:** LINDLEY, MARY
**Sent:** Thursday, May 09, 2002 2:27 PM
**To:** LINDORFF-MATHES, LOIS
**Subject:** RESEARCH FOR ADD MONTGOMERY - FLOYD K. HAYES, K03902

I am researching a response to Inmate Hayes for ADD Montgomery. In Inmate Hayes' correspondence he complains of insufficient care by health care staff, i.e., testicles continue to swell, difficulty urinating due to bent penis, numbness in right palm and fingers, says he was diagnosed in January 02 with bone tumor. Bottom line, he wants out early. Can you give me any update on his medical condition? When conducting prior review in December 2001, his condition was then reported as remaining stable and health care needs being addressed. Just a brief history/comments will suffice. Thanks/ml

*Mary Lindley*
*Administrative Assistant II*
*Hill Correctional Center*






00294

Received MAY 2002 Administrative Asst. Office

MAY 2002 Received Programs Office

**SUMMARY**

**Hayes, Floyd, K03902**

RE: Letter/Montgomery
4/16/02

To Whom It May Concern:

Complaints: Infection Testicles and Scrotum
Cyst on Testicles

This offender was seen by the nurse on 9/18/00 because of a nodule on his right testicle. He complained of discomfort for 2 weeks and stated that he found the nodule last night. He was seen by the physician on 9/19/00. He told the physician that he had noticed the lump 4 to 5 months previously and had not been worried about it. He stated that it had been causing him discomfort but no pain. He had no urinary tract symptoms. On exam he had a one centimeter diameter soft to firm nodule at the upper pole of the left testicle. Prostate exam and stool guaiac test were negative. This was thought to be an epididymal cyst. Blood work was requested. His urinalysis was normal on 9/19/01. His HIV test was negative as were the tumor markers PSA, Alpha Feto Protein and Beta HcGon 9/20/00. Complete Blood Count was normal on 10/10/00. He was seen for follow-up on 10/03/00. He claimed that the cyst was getting larger. He complained of discomfort when walking and sitting. He denied urinary and respiratory symptoms. His gait was normal. There was a firm and cystic mass in the upper pole of the testicle. The mass was slightly tender and 1 centimeter in diameter. He was educated and given the lab results. Ultrasound requested and follow-up visit scheduled. The sonogram was done on 10/9/00 and showed that the palpable lump was a cystic lesion in the head of the right Epididymis. It had a lot of internal floaters. The cyst was thought to be a spermatocele but could also be an infected or hemorrhaged epididymal cyst. The remaining right scrotum and testicle were normal. There was a small, simple cyst in the left epididymal head. The left scrotum and testicle were normal otherwise. He was seen on 10/17/00 for follow-up and stated that he was fine, he just wanted to check the report. "Can't you take it out or drain it as you did on the other guy for his Thyroid. Is it cancer?"

There was no change in the cyst on exam. The offender saw the HCUA on 10/30/00 and requested a Urology Consult and biopsy of the cyst. The physician discussed the cysts with the Urologist on 12/16/00. Urologist stated Epididymal cyst malignancies were extremely rare and further interventions on this offender were not indicated at this time. On 2/7/01 he presented stating that he had another lump in his left testicle. He was educated about the cysts and continued on his medications. He was seen on 6/20/01 for his clinic appointment. No symptoms related to his testicular problem were documented. He was given a 30 day supply of Motrin for testicular pain (400 mg bid X 30 days). He was seen again on 9/24/01 complaining of right testicular pain. He denied fever or chills and stated that his pain was more on the right and more on awakening in the A.M. The right epididymal cyst was warm and tender to touch. He was given Doxycycline 100 mg

DEFENDANT'S EXHIBIT E

twice daily for ten days and was to be seen in 10 days. He was given Tylenol with codeine at bedtime for one week.

He was seen on 10/4/01 stating that his Epididymis was fine but that he had frequency and urgency. He had some suprapubic tenderness with no other findings. He was given Keflex due to a self reported allergy to sulfa. On 10/15/01 he complained of left testicular discomfort but there was no tenderness or other evidence of acute abnormality. He was given an athletic supporter. On 10/29/01 he was seen for clinic and complained of chronic discomfort in his left testicle. On 1/13/02 he complained to the nurse that his cyst was larger. He was seen by a physician on 1/25/02. He complained of increased pain when urinating. His left testicle was pulled upward and higher than the right. No scrotal erythema. No penile curvature. He was given a repeat course of Doxycycline as he said he had improved on this in the past. He was given a follow-up visit in one week. When seen on 2/6/02 he continued to complain of left scrotal pain. Also complained of numbness and tingling of his right fifth finger. He had noticed a lump in his forearm. Range of motion of his right hand and fingers was normal. Sensory exam was normal. A palpable, peanut sized, hard nodule was found on the extensor surface of his right forearm. The lump was non tender with no erythema. X-ray of the right arm was ordered and he was continued on Motrin. He was to be seen in 10 days. X-ray report from 2/9/02 revealed a small bony outgrowth from the cortex of the proximal, right ulna, posteriorly. It was broad based (6-7 mm) and extended 3-4 mm from the bone. This might be the result of prior trauma or may relate to an exostosis (Benign Bone Lesion). He was seen on 2/14/02 requesting a different analgesic for scrotal pain. Ice had helped his scrotal discomfort. He was still complaining of tingling in the right hand digits, 4 & 5. He thought this was related to the forearm nodule. Complained of pruritic lesions of his lower legs. On exam the range of motion of the fingers remained normal as did the sensory exam. Excoriated lesions medial 1/3 of the lower legs, Scrotum was still tender without swelling. He was given cortisone cream for the neurodermatitis. He was seen again on 3/19/02. Complained of pruritic rash left lower leg and foot. He had scattered excoriations. No complaints related to his arm or his scrotum. Seen again on 4/17/02. He stated his scrotum swells up occasionally but responds to ice packs. Right arm was about the same. Rash had improved with 1% Hydrocortisone Cream. Scrotal exam was not done. He has continued his follow-up with Mental Health but has had no return visits to see medical about his arm or scrotum.

In summary, Mr. Hayes is a 55 year old, white male, with a right epididymal cyst that measures 1.81 x 2.25 cm and a small left epididymal cyst. These have remained stable except for self reported swelling and occasional tenderness. Has received antibiotics for associated urinary tract symptoms with no evidence of acute epididymitis that I can document. He has a small, benign, bony outgrowth from his proximal right ulna.

Summary
Hayes, Floyd, K03902
Page 3

Telephone consultation and length of follow-up indicate that the epididymal cysts are simply cysts. Biopsy and/or surgical excision are not indicated at this time. The exostosis of his right ulna requires no treatment at this time.

Respectfully submitted,

William M. Hamby, MD, PhD.
Medical Director

WMH:jlm

File

ILLINOIS DEPARTMENT OF CORRECTIONS

# COMMITTED PERSON'S GRIEVANCE

**Date:** 6/20/2002 **Committed Person:** (Please Print) Floyd K. Hayes **ID#:** K 03902

**Present Facility:** Hill C.C. **Facility where grievance issue occurred:** Hill C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [x] Other (specify): Indifference
- [ ] Disciplinary Report: / / Date of Report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** For over a period of a Year to Date', I Have been Treated Indifferant to my Medical Needs. I have written Asst. Warden Bass Warden Mark A. Pierson, The Director Snyder, Yelled Screamed, and Cryed repeatedly about Extreme Pain, Cancer, And Swollen Testicals, and Lack of Medical Care to all Concerned Partys. Denial Of Tests, refusal of Outside medical Care when ordered by Doctors. Over the period of this Year My Testicals have swollen to at least twice the size of Normal due to Multiple Growths, and I'm in extreme Pain, Also I have had 3 Major Infections to my Testicals that had to be treated with extremly Strong Antibiotics, and this Indifference to my Medical Needs are

**Relief Requested:** To have the proper Medical care afforded me, ie; Pain Medication Proper cancer test, pollible removal of growths on testicals Ice for Swollen Testicals, Proper outside medical Care. [signature]

- [ ] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Committed Person's Signature — K 03902 ID# — [illegible] Date

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

**Date Received:** 6 / 21 / 02

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Referr to FTB due to nature of Grievance.

[signature] Print Counselor's Name — [signature] Counselor's Signature — 6 / 21 / 02 Date of Response

## EMERGENCY REVIEW

**Date Received:** / /

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature — / / Date

Distribution: Master File; Committed Person

DEFENDANT'S EXHIBIT F

Page

Printed on Recycled

DOC 0046 (Eff.10/2001) (Replaces DC 5657)

000279

Constitutional Violations under the 8th Amendment of the United States In Sandin V. Conner 132 Led 2d 418, The Supreme Court of The U.S. held that a Atypical incident must be held Libal, also Hafer V. Melo 116 Led 2d 301, States that Prison officals can be held Accountable for there actions under U.S.C. 42, 1983, Whereas Money Damages may be Awarded to Prisoners who show a Constitutional Violation, however, I donot wish to do anything but recieve proper medical care, and the proper tests to Determine my actual Status, which I have been repeatedly denied due to Money crunches in the I.D.O.C. and just Plain Indifference, Because all Staff and proper partys were notified of this problem. I sent my Medical files to all partys Clearly Showing the Document swollen Testicals, the unnatural curve cased to my Penis, Polyps in my Colon, The unnauural hanging of my testicals causing one to dissapear inside me at times and the other hanging swollen.

" PLEASE HELP ME "

Floyd K. Hayes

Floyd K. Hayes

cc

file

SEE ATTACHED EXHIBIT: 1, 1A, 1B, 1C, 2 through 7 in ACCORDENCE with Dept. Rules And Reg.

## GRIEVANCE OFFICER'S REPORT

8/15

Date Received: June 21, 2002 Date of Review: July 12, 2002

Committed Person: Hayes, Floyd Number: K 03902

Nature of Grievance: Medical Treatment / Staff Conduct

Facts Reviewed: Inmate complains of medical indifference by the Hill C. C. medical staff. States he has extreme pain, cancer, and very swollen testicles. They are twice their normal size. Medical staff show little concern, deny him proper tests, and won't let him go for outside medical care. Wants proper medical care, pain medication, extensive testing, removal of testicle growths, ice for the swelling, and outside medical opinions.

Dr. Hamby ( MD ) responds inmate Hayes' first complained of testicle problems on 9/18/00. Was treated and tested accordingly. Inmate was seen on 2/14/02 and given a different analgesic for his scrotal pain and ice prescribed for this discomfort. In summary, Dr. Hamby states inmate has a right epididymal cyst and a small left epididymal cyst. These cysts have remained stable except for self reported swelling and occasional tenderness. Has received antibiotics for associated urinary tract symptoms with no evidence of acute epididymitis that can be documented. Biopsy and surgical excisions are not indicated at this time.

No evidence to substantiate staff misconduct.

HILL C.C. RECEIVED JUL 12 2002 RECORDS OFFICE

JUL 2002 Received Programs Office

Recommendations: Grievance Denied.

Grievance Officer Don Niles Don Niles
Signature Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 7/18/02 ☒ I concur ☐ I do not concur ☐ Remand

Comments:

Mark A Pierson 7/18/02
Chief Administrative Officer Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

Committed Person's Signature / Number Date

DC 5657
IL 426-17343

Copy: Original to the Master File
Inmate
Grievance Officer

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL 62794-9277

Illinois Department of Corrections
R1-B-36

COMMITTED PERSON'S GRIEVANCE REPORT

| Date: March 27, 2001 | Committed Person: (Please Print) Floyd K. Hayes | ID #: K-03902 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report - Date: ________ Where Issued: ________
- ☐ Mail Handling
- ☐ Dietary
- ☒ Medical Treatment
- Transfer Denial: ☐ By Transfer Coordinator ☐ By Institution
- ☐ Disability
- ☐ Other ________

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: In September of 2000, I discovered and reported to the Medical Unit a growth on my testicle that caused me great pain and discomfort. Unknow to Dr. Chaudry, who examined me, and chose not to refer me to a Board Certifide Urologist, I have a history of polyps where competent physicials were alarmed to the point of requiring their immediate removal. The first time was at the age of 14 where they were removed from my urinary tract, and a second time, a mumber of such growths were removed from my intestines, at the age of 32. With such a re-occurring history of potentially cancerous growths I am concerned that perhaps Dr. Chaudry's decision to decline to refer me to a Board Certified Urologist may turn out to be an error of life threatening magnitude.

During the initial examination of the cyst like polyp growth on my testicle in September, a second growth was as well discovered on my other testicle. I have now discovered another growth behind my ear. I have submitted three (3) request slips to bring this all to Dr. Chaudry's attention, but all three (3) requests slips have gone unanswered.

My concern is obvious. As can be seen in the attached documents, most specifically, the radiologist report ofOctober 9, 2000, the report concluded that the cyst "COULD" represent "SPERMATOCELE OR INFECTED EPIDIDYMAL CYST OR COMPLICATED EPIDIDYMAL CYST". I have received reports from highly respected clinics in regards to the aforementioned

Relief Requested: ________

(Attach additional pages, if necessary.)

**COUNSELOR'S RESPONSE**

Date Received: 3/28/01

Response: grievance forwarded to grievance officer for review by Health Care Administrator.

Counselor: [signature] (Signature) Mark Sletos (Print Name) 3/28/01 (Date of Response)

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, Box 19277, Springfield, IL 62794-9277.

DEFENDANT'S EXHIBIT 6



000282

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

R1-B-36

| Date: March 27, 2000 | Committed Person: (Please Print) Floyd K. Hayes | ID #: K-03902 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Restoration of Good Time
- ☐ Disciplinary Report - Date: ______
- ☐ Mail Handling
- ☐ Dietary
- ☒ Medical Treatment
- Transfer Denial:
  - ☐ By Transfer Coordinator
  - ☐ By Institution
- Where Issued: ______
- ☐ Disability
- ☐ Other ______

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: conditions which report that up to 50% of all cases are cancerous. While the HMO must watch cost factors, to error on the side of cost savings in regards to the issue "COULD" result in cancer going unchecked as a result of failure to refer for further findings where early treatment was sought and requested by me. The word "COULD" being used by the rediologist is a signal of uncertainty. Where the uncertainty involves the discovery of cancerous suspect growths in the early stages, simple ethics should dictate futher testing. My physician from the street believes that a Board Certified Urologist should run a biopsy of the polyps, and or cyst.

Relief Requested: To be placed in a Federal Prison where my Veterans Benefits will provide for appropriate treatment; To receive corrective medical surgery by a Board Certified Urologist; and to be compensated for the cruel and unusual punishment endured from lack of appropriate treatment.

(Attach additional pages, if necessary.)

**COUNSELOR'S RESPONSE**

Date Received: ______

Response: ______

Counselor: ______ Signature ______ Print Name ______ Date of Response

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

## GRIEVANCE OFFICER'S REPORT

Date Received: MARCH [redacted], 2001 Date of Review: APR[redacted], 2001

Committed Person: HAYES, FLOYD Number: K03902

Nature of Grievance: MEDICAL TREATMENT

Facts Reviewed: INMATE DISCOVERED AND REPORTED TO HEALTH CARE ABOUT A GROWTH ON HIS TESTICLE. STATES THIS CAUSED HIM GREAT PAIN AND DISCOMFORT. HAS A RADIOLOGIST REPORT FROM OCTOBER OF 2000, STATING THE CYST "COULD" REPRESENT SPERMATOCELE OR INFECTED EPIDIDYMAL CYST. SINCE HE FEELS HE CAN'T GET APPROPRIATE TREATMENT AROUND HERE, HE WANTS PLACED IN A FEDERAL PRISON, WHERE HIS VETERAN'S BENEFITS WILL PROVIDE PROPER TREATMENT.

HEALTH CARE UNIT ADMINISTRATOR (M. GUTHRIE) STATES INMATE HAYES HAS RECEIVED APPROPRIATE SCREENING RELATED TO HIS PHYSICAL COMPLAINT. THIS INCLUDED SPECIAL LAB TESTS AND AN ULTRASOUND. INMATE HAS BEEN EDUCATED REGARDING FOLLOW UP.

Received APR 11 2001 RECORDS OFFICE

Recommendation: GRIEVANCE DENIED

Grievance Officer: Don Niles (Signature) DON NILES (Print Name)

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 4/4/01 ☒ I concur ☐ I do not concur ☐ Remand

Comments:

Mark A Pierson (Chief Administrative Officer) 4/4/01 (Date)

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

Committed Person's Signature/Number Date

DC 5657
IL 426-17343

Copy: Original to the Master File
Inmate
Grievance Officer

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL 62794-9277




George H. Ryan
Governor

Donald N. Snyder, Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 1, 2001

Floyd K. Hayes
Register No. K03902
Hill Correctional Center

Dear Mr. Hayes:

This is in response to your grievance received on April 16, 2001, regarding Medical (testicle), which was alleged to have occurred at Hill Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated April 4, 2001 and approval by the Chief Administrative Officer on April 4, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: Leora Harry
Leora Harry
Administrative Review Board
Office of Inmate Issues

HILL C.C.
Received
MAY 3 2001
OFFICE

CONCURRED: Donald N. Snyder, Jr.
Donald N. Snyder, Jr.
Director

cc: Warden Mark A. Pierson, Hill Correctional Center
Floyd K. Hayes, Register No. K03902
Chron. File




00285