STATE OF ILLINOIS       )
                        )
COUNTY OF SANGAMON      )

## AFFIDAVIT

I, Terri Anderson, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and if called to testify I would state as follows:

1. I am currently employed as the Manager of the Office of Inmate Issues. As part of my duties I am a member of and oversee the Administrative Review Board.

2. The Board assists the Director of the Illinois Department of Corrections by reviewing inmate grievance appeals.

3. I am familiar with the signatures of former Director Donald N. Snyder, Jr. and Leora Harry, who previously served on the Administrative Review Board.

4. The attached documents regarding a review of a grievance on May 1, 2001, from Floyd Hayes, K03902, bears Director Snyder's signature but was not signed by the Director.

5. By proof of the initial below the signature of Director Snyder, the signature was affixed by Leora Harry, who previously served on the Administrative Review Board, on Director Snyder's behalf.

6. Ms. Harry had the authority to review and sign on the Director's behalf as an administrative designee.

7. Former Director Snyder did not receive, review or respond to Offender Hayes' grievance.

The document attached hereto is a true and accurate copy of a document maintained in the usual and ordinary course of business by the Illinois Department of Corrections in the Office of Inmate Issues.

FURTHER AFFIANT SAYETH NOT

/s/ TERRI ANDERSON
Terri Anderson

Subscribed and sworn to before me this 29th day of August, 2006.

/s/ MELODY J. FORD
Notary Public

OFFICIAL SEAL
MELODY J. FORD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-6-2007



**George H. Ryan**
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 1, 2001

Floyd K. Hayes
Register No. K03902
Hill Correctional Center

Dear Mr. Hayes:

This is in response to your grievance received on April 16, 2001, regarding Medical (testicle), which was alleged to have occurred at Hill Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated April 4, 2001 and approval by the Chief Administrative Officer on April 4, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:  Warden Mark A. Pierson, Hill Correctional Center
     Floyd K. Hayes, Register No. K03902
     Chron. File

5-2-01

Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE REPORT**

R1-B-36

| Date: March 27, 2000 | Committed Person (Please Print): Floyd K. Hayes | ID #: K-03902 |
|---|---|---|
| Present Facility: Hill | Facility where grievance issue occurred: Hill | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: _____
- [ ] Mail Handling
- [ ] Dietary
- [x] Medical Treatment
- Transfer Denial:
  - [ ] By Transfer Coordinator
  - [ ] By Institution
- [ ] Disability
- [ ] Other _____

Where Issued: _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: conditions which report that up to 50% of all cases are cancerous. While the HMO must watch cost factors, to error on the side of cost savings in regards to the issue "COULD" result in cancer going unchecked as a result of failure to refer for further findings where early treatment was sought and requested by me. The word "COULD" being used by the rediologist is a signal of uncertainty. Where the uncertainty involves the discovery of cancerous suspect growths in the early stages, simple ethics should dictate futher testing. My physician from the street belieaves that a Board Certified Urologist should run a biopsy of the polyps, and or cyst.

RECEIVED APR 1 6 2001 OFFICE INMATE ISSUES

Relief Requested: To be placed in a Federal Prison where my Veterans Benefits will provide for appropriate treatment; To receive corrective medical surgery by a Board Certified Urologist; and to be compensated for the cruel and unusual punishment endured from lack of appropriate treatment.

(Attach additional pages, if necessary.)

**COUNSELOR'S RESPONSE**

Date Received: _____

Response: _____

Counselor: _____ / _____ / _____
Signature / Print Name / Date of Response

- [ ] Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

## GRIEVANCE OFFICER'S REPORT

**Date Received:** MARCH 31, 2001
**Date of Review:** APRIL 4, 2001
**Committed Person:** HAYES, FLOYD
**Number:** K03902
**Nature of Grievance:** MEDICAL TREATMENT

**Facts Reviewed:** INMATE DISCOVERED AND REPORTED TO HEALTH CARE ABOUT A GROWTH ON HIS TESTICLE. STATES THIS CAUSED HIM GREAT PAIN AND DISCOMFORT. HAS A RADIOLOGIST REPORT FROM OCTOBER OF 2000 STATING THE CYST "COULD" REPRESENT SPERMATOCELE OR INFECTED EPIDIDYMAL CYST. SINCE HE FEELS HE CAN'T GET APPROPRIATE TREATMENT AROUND HERE, HE WANTS PLACED IN A FEDERAL PRISON, WHERE HIS VETERANS BENEFITS WILL PROVIDE PROPER TREATMENT.

HEALTH CARE UNIT ADMINISTRATOR (M. GUTHRIE) STATES INMATE HAYES HAS RECEIVED APPROPRIATE SCREENING RELATED TO HIS PHYSICAL COMPLAINT. THIS INCLUDED SPECIAL LAB TESTS AND AN ULTRASOUND. INMATE HAS BEEN EDUCATED REGARDING FOLLOW UP.

**Recommendation:** GRIEVANCE DENIED

**Grievance Officer:** Don Niles (Signature) — DON NILES (Print Name)

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

**Date Received:** 4/4/01
☒ I concur  ☐ I do not concur  ☐ Remand

**Comments:**

Mark A. Pierson — Chief Administrative Officer
**Date:** 4/4/01

RECEIVED
APR 16 2001
OFFICE OF
INMATE ISSUES

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

Floyd K. Hayes — Committed Person's Signature/Number
**Date:** 4-12-01

DC 5657
IL 426-17343

Copy: Original to the Master File
Inmate
Grievance Officer

Side 2

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL 62794-9277