**E-FILED**
Monday, 30 October, 2006  03:21:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| FLOYD K. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 04-1062 |
| | ) | |
| DONALD N. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, DONALD N. SNYDER, JR., JESSE MONTGOMERY,

MARK PIERSON, and WANDA BASS, by and through their attorney, Lisa Madigan,

Attorney General for the State of Illinois, and in reply to Plaintiff's response to their motion

for summary judgment, submit the following:

**I.  INTRODUCTION**

Plaintiff is a former inmate of the Illinois Department of Corrections, who brought his

complaint pursuant to 42 U.S.C. §1983 alleging deliberate indifference to serious medical

needs in violation of the Eighth Amendment regarding treatment of his testicles and his

arm.  Defendants filed a motion for summary judgment arguing that Plaintiff was receiving

medical care by licensed physicians for his medical concerns, and that the response to his

complaints by Defendants Pierson, Bass and Montgomery were reasonable and did not

evidence deliberate indifference.  Moreover, Defendants argued that Defendant Snyder did

not have requisite personal involvement in the alleged unconstitutional activity for liability

to attach.  Defendants also cited <u>Johnson v. Doughty</u>, 433 F.3d 1001, 1012 (7th Cir. 2006) in support of their argument that each of the defendants was entitled to qualified immunity.

Plaintiff responded to the motion for summary judgment and memorandum of law by asserting some of the facts relied upon by the Defendants were immaterial, some were disputed, and adding additional facts.  However, Plaintiff acknowledged that Defendant Snyder did not sign off on Plaintiff's grievances and had no personal involvement in the unconstitutional activities alleged in this case.  Therefore, Plaintiff did not contest Defendant Snyder's motion for summary judgment.

**Plaintiff's Argument in Response to**
**Defendant's Motion for Summary Judgment.**

As Plaintiff correctly stated the argument of the defendants is that they are not medical personnel, and are entitled to rely on the expertise of the medical professionals treating Plaintiff. However, Plaintiff takes exception to Defendants' argument because they did nothing to alleviate Plaintiff's subjective complaints of pain (Response, pp 39 - 41). Notwithstanding that Plaintiff continued to complain that he was experiencing pain, that fact alone does not defeat the defendants' assertion that Plaintiff was receiving treatment for his condition, including narcotic medication for pain, from medical professionals.  Plaintiff does not dispute this fact.  Plaintiff's argument that these non-medical defendants were deliberately indifferent because they did nothing to alleviate Plaintiff's self reported pain presupposes two important facts, 1) that the defendants had some duty or power to take action, over and above that of the medical professionals providing treatment, specifically to alleviate Plaintiff's pain, and 2) that any patient who is reporting pain from a condition for which he is receiving medical treatment, is not receiving proper treatment.  In other

words, Plaintiff's argument is that unless he was pain free, he was not receiving proper medical treatment, and the defendants should have recognized that fact. Contrary to Plaintiff's assertions in his response at pages two and three, the Constitution does not require non-medical defendants to determine if an inmate's complaints of pain are "real", rather than exaggerated or simply a symptom of the condition for which he is being treated. The Constitution also does not require non-medical defendants to determine if an inmate's medical treatment is "appropriate." The Constitution likewise does not require inmates to be free of pain, and does not place on corrections officials a duty to make sure inmates are pain free. He has not set forth any additional facts or law to overcome the defendants' assertion that their actions did not evidence deliberate indifference.

Moreover, Plaintiff cannot, and has not set forth any law to establish the level of responsibility for medical care to which he attempts to hold these defendants. The defense of qualified immunity requires that Plaintiff establish the existence of the allegedly clearly established constitutional right in specific, rather than in general terms <u>Rakovich v. Wade</u>, 850 F.2d 1180, 1209 (7th Cir. 1988), <u>Anderson v. Creighton,</u> 483 U.S. 635, 640 (1987). Therefore, without establishing that the defendants would be on notice that it would violate Plaintiff's Constitutional rights to rely on medical professionals to determine what level of pain is to be expected in light of the condition from which the plaintiff suffered, and to determine what treatment is proper for the pain in light of Plaintiff's medical and social history, Plaintiff cannot overcome the defendants entitlement to qualified immunity.

**Plaintiff's Additional Material Facts:**

Defendants state that the facts listed as numbers 1 - 77, even if true for purposes of this motion, are immaterial to the determination of Defendants' deliberate indifference

to Plaintiff's serious medical needs. Plaintiff's additional facts confirm that Plaintiff received care for his testicular condition both in and out of the Illinois Department of Corrections. The facts also confirm he received treatment for pain, including Tylenol, Ibuprofen, ice packs and Tylenol #3, and that at least one physician treating Plaintiff after his release from the Department of Corrections questioned whether Plaintiff was exhibiting drug seeking behaviors. Plaintiff's additional facts also confirm that the defendants, when faced with Plaintiff's complaints, sought to establish that he was being seen by physicians for his complaints. None of these "additional" facts are material to the extent that they raise any question of fact sufficient to defeat defendants' motion for summary judgment and their assertion that their actions, relying on medical professionals to treat Plaintiff's complaints, including complaints of pain, did not evidence deliberate indifference to his serious medical needs.

Respectfully submitted,

DONALD N. SNYDER, JR., JESSE MONTGOMERY, MARK PIERSON, and WANDA BASS,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By:   s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail: kchoate@atg.state.il.us

4

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FLOYD K. HAYES,                          )
                                         )
                 Plaintiff,              )
                                         )
     -vs-                                )          No. 04-1062
                                         )
DONALD N. SNYDER, et al.,                )
                                         )
                 Defendants.             )

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 30, 2006, I electronically filed Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Jonathan A. Backman                      Theresa M. Powell
Law Office of Jonathan Backman           Heyl, Royster, Voelker & Allen
jbackman@backlawoffice.com               tpowell@hrva.com


and I hereby certify that on October 30, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

        None


                                Respectfully Submitted,
                                 s/ Kelly R. Choate
                                Kelly R. Choate, #6269533
                                Assistant Attorney General
                                Attorney for Defendants
                                500 South Second Street
                                Springfield, Illinois  62706
                                Telephone:  (217) 782-9026
                                Facsimile:   (217) 524-5091
                                E-Mail:  kchoate@atg.state.il.us