UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FLOYD K. HAYES, | ) |
| | ) |
| plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 04-CV-1062 |
| | ) |
| Donald N. Snyder, Jesse Montgomery, | ) |
| Mark. A. Pierson, Wanda L. Bass, | ) |
| William M. Hamby, MD., PhD., | ) |
| each in their individual | ) |
| capacities only, | ) |
| | ) |
| defendants. | ) |

PLAINTIFF'S MOTION TO AMEND AND ALTER
THIS COURT'S MARCH 20, 2007, GRANT OF
<u>SUMMARY JUDGMENT TO DR. HAMBY</u>

Plaintiff Floyd K. Hayes, by his undersigned counsel, respectfully moves this Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and in accordance with CDIL-LR 7.1, for the entry of an Order amending this Court's Order of March 20, 2007 (the "Order"), and the accompanying Rule 58 judgment, so as to deny summary judgment to defendant Dr. William Hamby (the "Hamby Motion"). In support of his motion, plaintiff states as follows:[1]

1.  The Court predicated its grant of summary judgment for Dr. Hamby on its determination that "the record is devoid of evidence indicating that

---

[1] Because this motion does not raise any new issue of law, plaintiff is not submitting a separate memorandum of law herewith. *See* Local Rule 7.1(B)(1). To the extent, however, that the Court determines that this motion falls within the ambit of the local rule, then we respectfully request that the Court either waive the requirement of the rule, or grant plaintiff leave to file a legal memorandum within ten days of the filing of this motion.

Dr. Hamby personally knew that there was an objectively serious medical need and consciously disregarded it." Order at 9-10.

2. As set below, however, we respectfully submit that — perhaps due counsel's lack of clarity on the key law and facts at issue — the Court's determination with respect to Dr. Hamby was incorrect.

3. The Seventh Circuit frequently has stated that Rule 59 serves the important purpose of allowing "the district court to correct its own errors, [thereby] sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir.1986).

4. Thus, we think it appropriate to bring the Court's errors to its attention at this time.

5. The gravamen of plaintiff's case against Dr. Hamby was that he was suffering from severe pain as a result of his retracting left testicle, and that the doctor deliberately refused to provide him with relief from this pain. *See* Walker v. Benjamin, 293 F.3d 1030, 1039, 1040 (7th Cir. 2002) (making clear that a prison doctor's intentional failure to treat severe pain constitutes an independent Eighth Amendment violation even if the pain does not involve, or evolve into, a life-threatening illness).

6. The summary judgment record provides substantial admissible evidence from which a jury could find the following:

    a.    That plaintiff was suffering from severe pain (Pl. Stat. ¶¶ 6, 10, 11, 14, 16, 19, 20, 21, 27, 31, 47; Pl. Ex. IV Hayes Decl. at 1-2 ¶¶ 6-7[2]);

    b.    That plaintiff complained about this pain to Dr. Hamby, to the other medical staff and then to the prison administration (Pl. Stat. ¶¶ 6, 11, 14, 16, 19, 20, 27, 31, 47, 51; Pl. Ex. IV (Hayes Decl.) at 1-2 ¶¶ 6-7 and 3 ¶ 18);

    c.    That Dr. Hamby knew about these complaints from those sources (Pl. Stat. ¶¶ 11, 12, 15, 19, 35, 36);

    d.    That Dr. Hamby <u>could</u> have provided plaintiff with substantial relief from the pain either by referring him to a urology specialist or, at least, by providing him with a combination of ibuprofen, ice packs and narcotic pain medication (Pl. Stat. ¶¶ 23, 24, 25); and

    e.    That Dr. Hamby at first refused to prescribe narcotics, and then, after plaintiff complained to the prison's senior officials, withheld even ibuprofen and ice packs (Pl. Stat. ¶¶ 23, 24, 25, 41; Pl. Ex. IV (Hayes Decl.) at 1-2 ¶¶ 10-17).

---

[2]    We utilize here the same method of citing to the record as we did in our response to defendants' motions for summary judgment. Thus, "Pl. Stat." refers to plaintiff's Statement of Additional Facts in the response, "Pl. Ex. IV." refers to the Declaration of Floyd Hayes attached as Exhibit IV to the response and "Hamby Dep." refers to the transcript of Dr. Hamby's deposition testimony.

7. If a jury were to find that each of the foregoing were true, then it could explain Dr. Hamby's conduct in only one of two ways — (i) that the doctor did not believe plaintiff's complaints that the retracting testicle caused him severe pain, or (ii) that the doctor believed the complaints, but consciously disregarded them.

8. The Court apparently concluded that a jury could only reach the first determination — i.e., that "the record demonstrates nothing more than the exercise by Dr. Hamby of his professional judgment" in declining to treat plaintiff's complaints of severe pain. Order at 11.

9. Yet, we submit that the Court's conclusion in this regard misses certain critical facts, and fails adequately to draw all reasonable inferences in plaintiff's favor. And we say this not only because questions of subjective intent are generally left for juries to resolve, but also because of the specific circumstances of this case.

10. For one, Dr. Hamby himself admitted that he <u>never</u> prescribed narcotic pain killers. Pl. Stat. ¶13. Thus, by the doctor's own admission, the decision not to prescribe such pain medication here may have rested <u>not</u> on his exercise of "professional judgment" about plaintiff's pain, but instead on his (improper) decision that pain medications should not be administered in prison.[3]

---

[3] We note here that the contradiction between defendant's testimony that he complained to Dr. Hamby about severe testicular pain back in October 2001, on the one hand, and Dr. Hamby's notes that plaintiff was suffering only from "discomfort", on the other, constitutes a classic factual issue. *See* March 20 Order at 3. A jury, we suppose, could find that plaintiff only mentioned "discomfort" at the time, and now is claiming pain for the purposes of his Eighth Amendment

(continued...)

11. Moreover, and more importantly, whatever the reason for Dr. Hamby's refusal to provide plaintiff with narcotic pain relief, no reasonable explanation exists for his decision not to prescribe ibuprofen and ice packs after he received a copy, in May 2002, of plaintiff's April 16, 2002, letter to Assistant Director Montgomery. Pl. Stat. ¶¶ 31, 35, 41-45; Pl. Ex. IV (Hayes Decl.) at 2 ¶¶ 10-17.

12. Finally, Dr. Hamby's explanation of why he did not refer plaintiff to a urologist likewise made no sense. *See* Pl. Stat. ¶ 34; Hamby Dep. at 104-108. At first, the doctor stated that he did not do so because he was "unable to document a cause of severe pain." Hamby Dep. at 106. But when plaintiff's counsel then asked whether his inability to find the cause for the severe pain warranted sending plaintiff to a specialist, the doctor reversed course and stated that defendant only complained about "discomfort but no pain." *Id.* at 107. Yet, we know that, irrespective of what plaintiff said to Dr. Hamby in October 2001 (which itself is a question of fact), the doctor knew with certainty from his review of plaintiff's jacket and from the administrative letters that plaintiff was complaining

---

[3](...continued)
claim. But the jury also could find that Dr. Hamby referred to plaintiff's severe pain as mere "discomfort" so as to justify his pre-determined refusal to prescribe pain medication.

Frankly, inasmuch as the doctor who saw plaintiff immediately prior to Dr. Hamby prescribed a narcotic pain reliever, we think it more likely than not that the jury would reach the latter conclusion. But we recognize that this issue is one for the jury to decide.

of severe pain. Thus, to this day, the record remains barren of an explanation as to why plaintiff did not receive a referral to a urologist.[4]

13. Of course, after seeing and hearing the witnesses, a jury may conclude that, even after Dr, Hamby received the letter, he still did not believe that plaintiff was experiencing pain, and perhaps even determined that plaintiff's complaints were designed to manufacture a subsequent lawsuit.

14. The same jury, however, easily could reach the opposite conclusion — (i) that Dr. Hamby knew of, and intentionally disregarded, plaintiff's suffering when he declined to provide the narcotic pain medication, and (ii) that when the doctor learned plaintiff was complaining to the prison officials about him, he retaliatorily cut off pain treatment entirely.

15. We do not underestimate the proclivity of prisoners to look for hypertechnical reasons to challenge the conditions of their confinement, or the need to provide prison doctors with a level of protection against endless litigation when they exercise their professional judgment. A reasonable jury here, however, easily could, and we believe will, conclude that Dr. Hamby did the opposite of exercising

---

[4] Regarding the Court's reference to Dr. Amin's brief initial consult with plaintiff when plaintiff first arrived at Danville Hospital, we emphasize again both (i) that Dr. Amin's initial consult was tainted by the prison's fax to the hospital that plaintiff's principal problems were psychiatric (Pl. Stat. ¶ 58), and (ii) that in any event, within a few days of this consult, either Dr. Amin or another doctor there prescribed plaintiff with "Darvocet [a narcotic] one tablet per mouth twice a day as needed <u>for extreme pain</u>." Pl Stat. ¶ 63 (emphasis added). Thus, Dr. Amin's gut reaction upon first seeing plaintiff that he might be drug-seeking cannot immunize Dr. Hamby from his failure over an extended period to prescribe plaintiff with appropriate pain medication, refer him to a specialist, or both.

judgment here — that instead, (i) the doctor manipulated plaintiff's medical records to justify his policy of never prescribing narcotics, (ii) that he ignored plaintiff's pleas of severe pain, (iii) that he misled the prison officials when they inquired into plaintiff's condition, and (iv) that he then retaliated against plaintiff for seeking the assistance of those officials.

16. In view of all of the foregoing, we submit that this Court's grant of summary judgment for Dr. Hamby was erroneous. If plaintiff's deposition testimony and affidavit are accurate, then he suffered from severe testicular pain in his cell for nearly a year while Dr. Hamby ignored his suffering. And if a jury determines that this is what occurred, then plaintiff will be entitled to recover from Dr. Hamby for violating plaintiff's Eighth Amendment rights.

WHEREFORE, for all of the reasons set forth above and in plaintiff's response to the summary judgment motions, plaintiff prays that this Court amend its Order and Judgment of March 20, 2007, deny Dr. Hamby's motion for summary judgment, set this case for pretrial and trial, and grant plaintiff such other and further relief as this Court deems just and proper.

Dated: April 2, 2007

Respectfully submitted,

/s/ Jonathan A. Backman
Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 North Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com

*Attorney for Plaintiff Floyd K. Hayes*

**<u>CERTIFICATE OF SERVICE</u>**

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on April 2, 2007, I electronically filed **Plaintiff's Motion to Amend and Alter this Court's March 20, 2007, Grant of Summary Judgment to Dr. Hamby** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kelly Choate, Esq.
Illinois Attorney General's Office
Assistant Attorney General
500 South Second St
Springfield, IL 62706
(217) 782-9026
FAX: (217) 782-1090
kchoate@atg.state.il.us, jginter@atg.state.il.us, jedwards@atg.state.il.us, bmyers@atg.state.il.us

Theresa Powell, Esq.
Heyl, Royster, Voulker & Allen
1 N. Old State Capitol Plaza
Suite 575
POB 1687
Springfield, IL 62705
Theresa M Powell
tpowell@hrva.com, sprecf@hrva.com, ejarman@hrva.com

and I hereby certify that I have delivered the document by United States Mail, postage pre-paid, to the following non-CM/ECF participant(s):

No Manual Recipients.

            /s/ Jonathan A. Backman
              Jonathan A. Backman